**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| CRYSTAL ROBINSON, RICHARD SCHELLHAMMER, WILLIAM BRADEN, EARL KLADKE, JOSEPH PALOPOLI, JR., LANA SAVAGE, APRIL BRADLEY, JOHN TODA, MAXINE GLENN, NICOLE BLANCHARD, GLADYS TUBBS, TONYA GRUCHACZ, ROBERT TYSON, KATRINA HOWARD, SHEILA CAUTHEN, MARIANO LORENZO MACAISA, GINI MICHELLE COX, KENDRA PIAZZA, DAVID CONROE, and individually and on behalf of all others similarly situated, | C.A. No. 1:20-cv-00663-RGA |
| Plaintiffs, | |
| v. | |
| GENERAL MOTORS, LLC, | |
| Defendant. | |

**PLAINTIFFS' OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Tarek H. Zohdy (*admitted pro hac vice*)
Cody R. Padgett (*admitted pro hac vice*)
Trisha K. Monesi (*admitted pro hac vice*)
**CAPSTONE LAW APC**
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Tel.: (310) 556-4811
Fax: (310) 943-0396
Tarek.Zohdy@capstonelawyers.com
Cody.Padgett@capstonelawyers.com
Trisha.Monesi@capstonelawyers.com

August 16, 2021

Russell D. Paul (Bar No. 4647)
Amey J. Park (Bar No. 4647)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604
rpaul@bm.net
apark@bm.net

*Attorneys for Plaintiffs and the Class*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................ 1

I.  STANDARD OF REVIEW ......................................................................................... 1

II. PLAINTIFFS' SPECIFIC OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION .................................................................................................. 1

    A.  The Economic Loss Doctrine Does Not Bar the Fraudulent Concealment Claims in Florida, Michigan, New Jersey, New York, Texas and North Carolina ................................................................................. 1

    B.  State Law Consumer Protection Claims, State-Specific Grounds ......................... 4

        1.  The Magistrate's Recommendation that the Statutory Consumer Protection Claims under Kansas and Michigan Law Be Dismissed Should Be Rejected ................................................................................ 4

    C.  Breach of Express Warranty ................................................................................. 6

        1.  If this Court Deems it Necessary, Certain Plaintiffs Seek Leave to Amend to Add Additional Facts Definitively Showing They Requested Repair of the Defect Within 4 years/50,000 Miles .................. 6

        2.  The Express Warranty Term Limitations Are Unconscionable ................. 8

    D.  Breach of Implied Warranty ................................................................................. 9

        1.  The Durational Limit of the Express Warranty, as Applied to the Implied Warranty Claims, is Unconscionable ........................................... 9

        2.  If this Court Deems it Necessary, Certain Plaintiffs Seek Leave to Amend to Add Additional Facts Definitively Showing They First Noticed the Defect Within 4 years/50,000 Miles ...................................... 9

    E.  Magnuson Moss Warranty Act (MMWA) .......................................................... 10

    F.  Unjust Enrichment ............................................................................................. 10

        1.  Nationwide Unjust Enrichment Claims Should Survive ......................... 10

        2.  New Jersey Unjust Enrichment Claims Should Survive .......................... 11

CONCLUSION .................................................................................................................. 12

CERTIFICATION PURSUANT TO ................................................................................... 16

STANDING ORDER FOR OBJECTIONS FILED UNDER FED. R. CIV. P. 72 ................... 16

## <u>TABLE OF AUTHORITIES</u>

Cases

*Amchem Products, Inc. v. Windsor*,
 521 U.S. 591 (1997)..................................................................................................... 13

*Artistic S. Inc. v. Lund*,
 No. 12 CVS 11789, 2015 WL 8476587 (N.C. Super. Dec. 9, 2015)........................................ 5

*Brown v. Astrue*,
 649 F.3d 193 (3d Cir. 2011)............................................................................................ 1

*Buffa v. Cygnature Constr. & Dev., Inc.*,
 2016 WL 7984216 (N.C. Ct. App. Dec 30, 2016) ...................................................... 5

*Bussian v. DaimlerChrysler Corp.*,
 411 F. Supp. 2d 614 (M.D.N.C. 2006) ...................................................................... 5

*Doe v. Hesketh*,
 828 F.3d 159 (3d Cir. 2016)............................................................................................ 6

*Francis v. Gen. Motors, LLC*,
 504 F. Supp. 3d 659 (E.D. Mich. 2020)..................................................................... 2

*Goldstein v. General Motors LLC*,
 445 F. Supp. 3d 1000 (S.D. Cal. 2020)..................................................................... 6

*Grayson v. Mayview State Hosp.*,
 293 F.3d 103 (3d Cir. 2002)........................................................................................ 11

In re Burlington Coat Factory Sec. Litig.,
 114 F.3d 1410 (3d Cir. 1997)........................................................................................ 8

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
 355 F. Supp. 3d 582 (E.D. Mich. 2018)..................................................................... 4

*In re Ford Motor Co. E-350 Van Prod. Liab. Litig (No. II)*,
 2008 WL 4126264 (D. N.J. 2008) ............................................................................ 10

*In re Gen. Motors LLC Ignition Switch Litig.*,
 257 F. Supp. 3d 372 (S.D.N.Y. 2017)........................................................................ 2

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
 148 F.3d 283 (3d Cir. 1998)........................................................................................ 13

In re Shop-Vac Mktg. & Sales Practices Litig.,
 964 F. Supp. 2d 355 (M.D. Pa. 2013)........................................................................ 9

*In re Volkswagen Timing Chain Prod. Liab. Litig.*,
2017 WL 1902160 (D.N.J. May 8, 2017) ............................................................. 4

*McGuire v. BMW of N. Am., LLC*,
2014 WL 2566132 (D.N.J. June 6, 2014) ............................................................. 15

*Morse v. Lower Merion Sch. Dist.*,
132 F.3d 902 (3d Cir. 1997) ................................................................................. 9

*Neale v. Volvo Cars of N. Am., LLC*,
794 F.3d 353 (3d Cir. 2015) ................................................................................. 13

*O'Keefe v. Mercedes-Benz USA, LLC*,
214 F.R.D. 266 (E.D. Pa. 2003) ........................................................................... 2

*Ramirez v. STi Prepaid LLC*,
644 F.Supp.2d 496 (D.N.J. 2009) ........................................................................ 13

*Schechter v. Hyundai Motor Am.*,
2019 WL 3416902 (D.N.J. July 29, 2019) ............................................................ 8

*Skeen v. BMW of N. Am., LLC*,
2014 WL 283628 (D.N.J. Jan. 24, 2014) .............................................................. 10

*Sloan v. Gen. Motors LLC*,
2020 WL 1955643 (N.D. Cal. Apr. 23, 2020) ....................................................... 4

Statutes

28 U.S.C. § 636(b)(1)(C) ............................................................................................ 1

Rules

Del. Local Rule 72(b) ................................................................................................. 1

Federal Rule of Civil Procedure 72(b)(2) ................................................................. 1

Federal Rule of Civil Procedure 72(b)(3) ................................................................. 1

Local Civ. R. 72.1(c)(2) ............................................................................................. 1

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 72(b)(2), Local Rule 72(b) of this Court, and 28 U.S.C. § 636(b)(1)(C), Plaintiffs hereby file their Objections to the Report and Recommendation (the "Report" or "Rep.") of Magistrate Judge Fallon ("Magistrate"), which was filed on July 19, 2021. D.I. 42.

## I.     STANDARD OF REVIEW

This Court must review "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). *See also* L. Civ. R. 72.1(c)(2) (stating same standard); 28 U.S.C.§ 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) ("the standard district courts should apply to such objections is de novo."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).[1]

## II.    PLAINTIFFS' SPECIFIC OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### A.  The Economic Loss Doctrine Does Not Bar the Fraudulent Concealment Claims in Florida, Michigan, New Jersey, New York, Texas and North Carolina

The Magistrate found that the economic loss doctrine bars Plaintiffs' fraudulent concealment claims in Florida, Michigan, New Jersey, New York and Texas and recommended those claims be dismissed. Specifically, she found that the fraudulent-inducement exception to the economic-loss doctrine does not apply here because "Plaintiffs' claims are fraudulent concealment claims, not fraudulent inducement claims." Rep. at 25-26. This recommendation is wrong because

---

[1] While the Court "need not . . . conduct a new hearing" with respect to objections to a Magistrate Judge's report, L.Civ.R. 72.1(c)(2), Plaintiffs believe oral argument would be beneficial in this matter.

1

it artificially and incorrectly parses fraudulent concealment from fraudulent inducement. Courts around the country have found that when one party is deceiving another, the parties cannot freely negotiate the terms of a contract. *See In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 435-36 (S.D.N.Y. 2017) ("'[T]he economic loss doctrine is premised on the notion that parties to a contract may protect themselves from negligence or defective products by negotiating the liability terms of the contract. We believe that in both theory and practice, it is impracticable, if not impossible, for parties to negotiate terms regarding what happens if one of them is intentionally deceiving the other.... The notion that parties are free to allocate risks of negligence or defect fails when one party is intentionally deceiving the other.'") (quoting *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 278 (E.D. Pa. 2003)); *Francis v. Gen. Motors, LLC*, 504 F. Supp. 3d 659, 686–89 (E.D. Mich. 2020) (same). Here, the Magistrate found that the "specificity requirements of Rule 9(b) have been met as to Plaintiffs' fraudulent concealment and state consumer law-based claims." Rep. at 12. Because GM concealed the Defect, Plaintiffs were necessarily fraudulently induced to enter into any agreement with GM, including the warranty. *See id.* ("It is unsurprising, therefore, that in almost all of the jurisdictions in question, the evolution of the case law through the decisions on point has resulted in the doctrine being cabined to bar only actions sounding in negligence and other unintentional torts, *not intentional fraud*. And in other cases, exceptions have been recognized where a *defendant deliberately conceals information to induce the plaintiff to conclude a bargain*, or to obfuscate product safety concerns.") (emphasis added). Indeed, Plaintiffs have specifically alleged that GM intended its fraudulent concealment to induce Plaintiffs to purchase their vehicles and at a higher price. Class Action Complaint ("CAC") [D.I. 1] ¶764 ("General Motors actively concealed and/or suppressed these material facts, in whole or in part, with the intent to induce Plaintiffs and the other Class members to purchase or

2

lease Class Vehicles at a higher price for the Class Vehicles[.]). Each Plaintiff has also specifically alleged that GM's omission induced them to purchase, which they would not have done if GM had disclosed the Defect. E.g., ¶ 121 ("Indeed, GM's omissions were material to Ms. Robinson. Like all Class Members, had Ms. Robinson known about the Defect, she would not have purchased the vehicle or would have paid less for it.") Thus, GM's fraudulent omission, which induced Plaintiffs to purchase or lease their vehicles and to agree to the warranty, falls within the fraud exception to the Economic Loss Doctrine. As such, the Economic Loss Doctrine does not bar Plaintiffs from recovering their economic losses through their fraudulent concealment claims in Florida, Maryland, Michigan, New Jersey, New York and Texas. Plaintiffs are not limited to only recovering their economic losses from a claim for breach of warranty, as such contract was based on fraud. *See In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 589-93 (E.D. Mich. 2018) (denying motion to dismiss consumer fraud claims under Michigan, New Jersey, and North Carolina law); *In re Volkswagen Timing Chain Prod. Liab. Litig.*, 2017 WL 1902160, at *18 (D.N.J. May 8, 2017) ("New York law does not apply the economic loss doctrine to claims of misrepresentation and fraud. New Jersey, Florida, North Carolina, Pennsylvania, New Hampshire, and South Carolina law also do not apply the economic loss doctrine to fraud-based claims when a plaintiff alleges fraudulent inducement or that the defendant violated an extrinsic duty.").

For North Carolina, the Magistrate recommends dismissing Plaintiffs' North Carolina Unfair or Deceptive Trade Practices Act ("NCUDTPA") claim (Count XXII) merely because "North Carolina has adopted the economic loss rule." Rep. at 27. First, the Magistrate recites but does not respond to Plaintiffs' argument that courts have not applied the economic loss doctrine to claims under the NCUDTPA where there are facts alleged regarding both a defect and a deceptive

act by the defendant. *Id*. Plaintiffs reassert this argument. *See generally Sloan v. Gen. Motors LLC*, 2020 WL 1955643, at \*25–26 (N.D. Cal. Apr. 23, 2020) ("within North Carolina, the economic loss doctrine is not a bar to a statutory consumer protection claim"); *id*. (noting the same opinion cited by the Magistrate, *Buffa v. Cygnature Constr. & Dev., Inc*., 2016 WL 7984216, at \*7 (N.C. Ct. App. Dec 30, 2016), "do[es] not appear to resolve the question [of] where…there is evidence of both a defect and a deceptive act, does the economic loss rule apply to UDTPA claims?"); *see also Artistic S. Inc. v. Lund*, No. 12 CVS 11789, 2015 WL 8476587, at \*13 n.13 (N.C. Super. Dec. 9, 2015) (noting ambiguity as to "whether the economic loss doctrine applies broadly to bar unfair and deceptive trade practices claims as a matter of law."). Second, "the North Carolina appellate courts have not yet decided whether to extend the economic loss rule to claims based on frauds or unfair trade practices." *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 627 (M.D.N.C. 2006). Thus, this Court should not apply the economic loss doctrine to bar Plaintiffs' NCUDTPA claim, as no North Carolina state court has done so.

### B.  State Law Consumer Protection Claims, State-Specific Grounds

#### 1.  The Magistrate's Recommendation that the Statutory Consumer Protection Claims under Kansas and Michigan Law Be Dismissed Should Be Rejected

The Magistrate found that Plaintiffs waived their opposition to Defendant's argument that Toda's claim (Count VIII) under the Kansas Consumer Protection Act ("KCPA") fails and that Tubbs and Blanchard's claim (Count XII) under the Michigan Consumer Protection Act ("Michigan CPA") fails. The Magistrate based her finding on two fallacious reasons and should be rejected.

First, the Magistrate found that Plaintiffs conceded the argument for both Kansas and Michigan in a separate case in a separate court with a separate plaintiff who had distinct facts and where the decision rendered was not a final judgment on the merits. *See* Rep. at 34 ("Plaintiffs conceded in their opposition brief with respect to GM's motion to dismiss in *Goldstein v. General*

4

*Motors LLC*, C.A. No. 3:19-cv-1778 (S.D. Cal.) (D.I. 37 at 24 n.24) that they could not state claims under the KCPA or the Michigan CPA. (D.I. 32 at 22 n.52)" and that "Plaintiffs do not address this point in their answering brief in the instant case. (See D.I.34)." This reasoning should be rejected. Plaintiffs did not address this point and was not required to because GM never raised it in their Motion to Dismiss. The Magistrate raised it sua sponte. Further, such an offensive use of collateral estoppel here, even if it had been asserted by GM, is contrary to law because the Plaintiffs here were not parties to the *Goldstein* case and because the decision in *Goldstein* was not a final judgment on the merits. *See Doe v. Hesketh*, 828 F.3d 159, 171 (3d Cir. 2016) ("Collateral estoppel prevents the re-litigation of a factual or legal issue that was litigated in an earlier proceeding…Collateral estoppel is appropriate where: "(1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question." ) (citations omitted).

Second, the Magistrate found that Plaintiffs do not "explain how the factual averments in the CAC successfully state claims for relief under Kansas and Michigan law." Rep. at 34. But GM never argued in its Motion to Dismiss that Plaintiffs' facts are not sufficient to state claims under Kansas and Michigan consumer protection statutes. Instead, GM made purely legal arguments - that Toda's claim (Count VIII) under the KCPA fails because it seeks actual damages and monetary relief unavailable under the KCPA and that the claims asserted under the Michigan CPA by Tubbs and Blanchard (Count XII) fail because motor vehicle sales are exempt under the statute. Rep. at 33-34. And Plaintiffs directly countered those exact arguments. (Opp. Br. [D.I. 34] at 22-23.) Plaintiffs are not required to oppose arguments GM did not make or to respond to arguments

GM could have made. Because the Magistrate did not consider or analyze the legal arguments actually raised and briefed, her findings should be rejected.

### C. Breach of Express Warranty

#### 1. If this Court Deems it Necessary, Certain Plaintiffs Seek Leave to Amend to Add Additional Facts Definitively Showing They Requested Repair of the Defect Within 4 years/50,000 Miles

##### a. Kladke (Florida) and Cox (Texas)

The Magistrate recommended dismissing the express warranty claims asserted by Kladke (Count IV) and Cox (Count XXIV) "because the CAC lacks plausible allegations that they ever took their respective Class Vehicle to GM and requested repairs." Rep. at 37. Plaintiffs seek leave to amend to add the facts that Plaintiff Kladke took his vehicle for repair of the Defect to Robert Basil Cadillac dealer in Orchard Park, NY in May of 2019, which was less than four years after he purchased the vehicle on January 4, 2016. (*See* Exh. 1, Proposed First Amended Complaint, with all substantive edits redlined ("FAC") ¶ 171).

Plaintiffs also seek leave to amend to add that Plaintiff Cox took her vehicle to the dealership in late summer 2015 and had her cracked CUE screen replaced, which replacement subsequently also cracked. *See* FAC ¶ 319.

##### b. Plaintiff Gruchacz (New Jersey)

The Magistrate found that "Gruchacz avers that she took her Class Vehicle to a GM dealership 'while her vehicle was still within the 4-year, 50,000-mile warranty period.' (*Id.* at 260)", but that she "fails to plausibly allege that her Class Vehicle was covered by the Warranty when she sought repairs because she does not plead the mileage on her Vehicle when she did so." Rep. at 38. Plaintiff Gruchacz pleads that her vehicle was purchased new on August 7, 2013 and that "while her vehicle was still within the 4-year, 50,000-mile warranty period," specifically in late 2016 or early 2017, she observed the Defect manifesting and "shortly after" called an

authorized dealership to complain. ¶¶ 257, 260. These are all factual averments, and as such, the Court is required to accept them as true. *See Schechter v. Hyundai Motor Am.*, 2019 WL 3416902, at *14 n.5 (D.N.J. July 29, 2019) ("because Plaintiff's powertrain defect fell within the express warranty period, the Court cannot find that by merely driving two years, his implied warranty period has run") (reconsid. den., 2020 WL 1528038 (D.N.J. Mar. 31, 2020). The Magistrate's finding is clearly contrary to the standards of review on a Rule 12(b)(6) motion to dismiss, because the Magistrate drew an inference in Defendant's favor. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (a court may grant a motion to dismiss only if, after "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, [the] plaintiff is not entitled to relief."); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (courts are "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom"). In requiring Gruchacz to plead the mileage fact, this Magistrate incorrectly requires Plaintiffs to meet the heightened pleading standard of Rule 9(b) even though a breach of warranty claim is subject to the standards of Rule 8. *See In re Shop-Vac Mktg. & Sales Practices Litig.*, 964 F. Supp. 2d 355, 363 (M.D. Pa. 2013). If this Court agrees with the Magistrate Judge's analysis, Plaintiffs request leave to amend to specifically allege that Gruchacz's mileage was under 50,000 when she reported the Defect to the dealer. *See* FAC ¶ 268.

### c.   Palopoli (Florida)

The Magistrate recommended dismissing the express warranty claims asserted by Palopoli (Count IV) because he did not allege he brought his vehicle back to the dealer after it was repaired under warranty and that GM refused to repair it under warranty at that time. Rep. at 38. But the Magistrate ignored ¶ 181 of the CAC which alleges two additional repair attempts in August to December 2018 under warranty after the first repair attempt that occurred within days after he

7

purchased his vehicle in July 2018. He also alleged that in June 2019 (after the two additional repair attempts) his CUE stopped responding. Compl. ¶174. Because of this error, the Recommendation should be rejected and Plaintiff Palopoli's express warranty claim should survive. Further, Plaintiffs seek to amend to clarify this claim by adding the date (November 10, 2018) of one of the two additional repair attempts in August to December 2018. *See* FAC ¶ 190.

### 2.   The Express Warranty Term Limitations Are Unconscionable

The Magistrate rejected Plaintiffs' argument that regardless of whether Plaintiffs presented their Class Vehicles to dealerships for repairs within the Warranty period, the durational limits of the Warranty are unconscionable. Rep. at 39-41. The Magistrate found that the CAC contained conclusory allegations as to how the durational terms of the Warranty were procedurally unconscionable and did not sufficiently allege substantive unconscionability. Rep. at 40-41.[2] This was a mistake of law. First, "[i]t is not conclusory to state that a consumer purchasing a car has less bargaining power than the manufacturer and that he had no meaningful choice in setting the terms of the warranty. To the contrary, in all of the potentially relevant states, courts give extra scrutiny to preprinted contracts or contracts of adhesion." *Skeen v. BMW of N. Am., LLC*, 2014 WL 283628, at *14 (D.N.J. Jan. 24, 2014). Second, a challenge to the durational term via unconscionability on warranty claims is not suitable to adjudication on motion to dismiss. *Id*. at *15 ("here the unconscionability is highly fact dependent and so is not appropriate for determination on a motion to dismiss."); *see also In re Ford Motor Co. E-350 Van Prod. Liab. Litig (No. II)*, 2008 WL 4126264, *15 (D. N.J. 2008). If necessary, Plaintiffs seek leave to amend the allegations in the CAC to allege additional facts in support of unconscionability (*See* FAC at

---

[2] As a result, all express warranty claims (Counts IV, XIII, XVIII, XXIV)) were dismissed, including those of the Plaintiffs set forth in Section C.1.a-c above and of Plaintiffs Tubbs (Michigan), Blanchard (Michigan), Savage (Florida), Tyson (New Jersey) and Piazza (Texas). Plaintiffs Savage and Piazza were voluntarily dismissed on August 12, 2021 [ECF No. 47].

46-49, 52-55), which they believe satisfy all of the Magistrate's concerns. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002) (before a court dismisses a claim that is merely deficient, plaintiff should generally be granted leave to amend).

### D. Breach of Implied Warranty

#### 1. The Durational Limit of the Express Warranty, as Applied to the Implied Warranty Claims, is Unconscionable

The Magistrate found that "Plaintiffs do not direct the court to plausible allegations in the CAC showing that their implied warranty claims arose within the durational limit of the Warranty" and recommended dismissing all implied warranty claims in the CAC: Count V (FL), Count VII(IN), Count IX (KS), Count XI (MD), Count XIV (MI), Count XVII (NJ), Count XXI (NY), Count XXIII (NC), Count XXV (TX), and Count XXVIII (WV). (Rep. at 43.) As they seek for their express warranty claims, Plaintiffs seek leave to amend to add factual allegations of the unconscionability of the durational limits of the Warranty in support of their implied warranty claims. *See* FAC at 46-49, 52-55.

#### 2. If this Court Deems it Necessary, Certain Plaintiffs Seek Leave to Amend to Add Additional Facts Definitively Showing They First Noticed the Defect Within 4 years/50,000 Miles

**a.     Glenn:** In evaluating the breach of implied warranty claim of Plaintiff Glenn (Maryland), the Magistrate found that, although she alleged she purchased her new vehicle in July 2016 and noticed the Defect in April 2019, it was not plausible that the Defect manifested and she suffered a loss within the 4 year/50,000 mile durational limit because she failed to specify the mileage at the time. Rep. at 43. This finding is clearly contrary to the standards of review on a Rule 12(b)(6) motion to dismiss, as discussed *supra*. These factual averments clearly show that Plaintiff Glenn noticed that her CUE screen failed within the 4-year durational limit of her Warranty and support an inference that this occurred within the 50,000-mileage limit as well. If the Court disagrees, Plaintiff Glenn requests that she be granted leave to amend to allege her

vehicle had less than 50,000 miles on the odometer at the time she first noticed the Defect.

      **b.**    **Tubbs:** Plaintiff Tubbs alleged she purchased a new vehicle in September 2014 and that the CUE screen cracked and malfunctioned in 2018. ¶¶ 245, 250. She subsequently paid to have the CUE screen replaced in June 2019, with approximately 43,905 miles on the odometer, at a dealership. ¶251. Thus, the Defect manifested within 50,000 miles and it is entirely plausible that the Defect manifested prior to September 2018, within 4 years of purchase. If the Court disagrees, Plaintiff Tubbs requests leave to amend to add that she first noticed that the Defect manifested before September 2018. *See* FAC ¶ 258.

      **c.**    **Howard**: Plaintiff Howard alleged she purchased her vehicle in November 2012 and noticed the Defect in 2015 or 2016. CAC ¶¶ 275, 278. She seeks leave to amend to add the exact date (January 23, 2016) and mileage (43,884) when she first noticed the Defect, which shows it was within 4 years and 50,000 miles.

      **d.**    **Gruchacz:** Plaintiff Gruchacz reiterates here the same arguments she made in Section II.C.1.b above with respect to her express warranty claims and similarly seeks leave to amend if the Court disagrees with those arguments to allege that her mileage was under 50,000 at the time she first notice and reported the Defect to the dealer. *See* FAC ¶ 268.

      **E.  Magnuson Moss Warranty Act (MMWA)**

The Magistrate recommends dismissing Plaintiffs' MMWA claims "because their express and implied warranty claims based on state law fail." Rep at 44. Thus, this claim should be sustained if any of Plaintiffs' express or implied warranty claims, survive.[3]

      **F.  Unjust Enrichment**

      **1.  Nationwide Unjust Enrichment Claims Should Survive**

---

[3] The Magistrate did not reach a decision on the issue of the jurisdictional requirements of the MMWA (Rep. at 44, FN 46). Plaintiffs will further brief this issue, if necessary, if the Court upholds any of its warranty claims or allows amendment of such.

The Magistrate found that "at the pleadings stage, Plaintiffs lack standing to assert unjust enrichment claims under the common law of states in which Plaintiffs did not suffer an alleged injury." Rep. at 45. This finding improperly conflates standing with the requirements for class certification. Indeed, "once the named parties have demonstrated they are properly before the court, 'the issue [becomes] one of compliance with the provisions of Rule 23, not one of Article III standing.'" *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 307 (3d Cir. 1998). *See also Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 364 (3d Cir. 2015) ("[T]he 'cases or controversies' requirement is satisfied so long as a class representative has standing, whether in the context of a settlement or litigation class."); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) (holding that the lower courts had properly addressed class certification ***before*** Article III standing questions); *Ramirez v. STi Prepaid LLC*, 644 F.Supp.2d 496, 505 (D.N.J. 2009) ("[T]he fact that the named Plaintiffs may not have individual standing to allege violations of consumer protection laws in states other than those in which they purchased Defendants' calling cards is immaterial. The issue Defendants raise is one of predominance[.]"). GM does not dispute Plaintiffs' own standing. Any additional inquiries regarding this issue are reserved for class certification. Accordingly, the Magistrate made an error of law and her Recommendation on this issue should be rejected.

### 2.  New Jersey Unjust Enrichment Claims Should Survive

The Magistrate "recommends dismissing the unjust enrichment claims asserted by New Jersey plaintiffs Gruchacz and Tyson" because "Plaintiffs argue their unjust enrichment claims are consistent with New Jersey law without directing the court to any factual averments in the CAC plausibly stating such a claim." Rep. at 47. First, Plaintiffs did not direct the Court to factual averments in their Opposition Brief because GM never argued in their Motion to Dismiss that

Plaintiffs' factual averments regarding unjust enrichment were in any way deficient. GM argued only that tortious conduct allegations cannot support an unjust enrichment claim under New Jersey law. ECF 32 at p. 35.

Second, Plaintiffs' factual averments are sufficient to state a claim for unjust enrichment. "To state a claim for unjust enrichment under New Jersey law, a Plaintiff must establish that the 'defendant received a benefit and that retention of that benefit without payment would be unjust' and that 'Plaintiff expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights.'" Rep. at 47 (quoting *McGuire v. BMW of N. Am., LLC*, 2014 WL 2566132, at *2 (D.N.J. June 6, 2014)). Plaintiffs have pled these elements – that GM was unjustly enriched when it received revenue from Plaintiffs and class member who paid for repeat repairs, when Plaintiffs overpaid for their defective vehicles at the time of purchase and "through the use of funds that earned interest or otherwise added to Defendant's profits." ¶¶ 13 ("consumers will be required to pay hundreds, if not thousands, of dollars to repair or replace the CUE Systems because of the Defect, and GM is unjustly enriched at their expense"), 769-775.

Third, the Magistrate reiterated but did not analyze GM's tortious conduct argument and, indeed, any such argument is meritless. Plaintiffs' unjust enrichment claim is not based in tort but in contract. It is based on the contracts by which Plaintiffs purchased their vehicles, which include the price charged and paid, and the warranty agreement to repair those vehicles. *See* ¶772 ("Defendant charged a higher price for their vehicles than the vehicles' true value. Plaintiffs and Members of the Class paid that higher price for their vehicles to Defendant's authorized dealers, which are in Defendant's control.")

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court reject the Report's

findings and recommendations as indicated above and allow Plaintiffs to amend to add the additional allegations requested above and as set forth in the Proposed First Amended Class Action Complaint filed as Exhibit 1 herewith.

Dated: August 16, 2021                    Respectfully submitted,


/s/ Russell D. Paul
Russell D. Paul (Bar No. 4647)
Amey J. Park (*admitted pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604
Email: rpaul@bm.net
          apark@bm.net

Tarek H. Zohdy (admitted *pro hac vice*)
Cody R. Padgett (admitted *pro hac vice*)
Trisha K. Monesi (admitted *pro hac vice*)
CAPSTONE LAW APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Tel.: (310) 556-4811
Fax: (310) 943-0396
Email:
Tarek.Zohdy@capstonelawyers.com
Cody.Padgett@capstonelawyers.com
Trisha.Monesi@capstonelawyers.com

CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD, LLP
Gayle M. Blatt (admitted *pro hac vice*)
gmb@cglaw.com
Jeremy Robinson (admitted *pro hac vice*)
jrobinson@cglaw.com
P. Camille Guerra (admitted *pro hac vice*)
camille@cglaw.com
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811

13

Facsimile: (619) 544-9232

MOON LAW APC
Christopher D. Moon (admitted *pro hac vice*)
chris@moonlawapc.com
Kevin O. Moon (admitted *pro hac vice*)
kevin@moonlawapc.com
600 West Broadway, Suite 700
San Diego, California 92101
Telephone: (619) 915-9432
Facsimile: (650) 618-0478

POULOS LOPICCOLO PC
Joseph LoPiccolo (admitted *pro hac vice*)
John N. Poulos (admitted *pro hac vice*)
1305 South Roller Road
Ocean, NJ 07712
732-757-0165
lopiccolo@pllawfirm.com
poulos@pllawfirm.com

LITE DEPALMA GREENBERG &
AFANADOR, LLC
Bruce D. Greenberg (admitted *pro hac vice*)
570 Broad Street, Suite 1201
Newark, New Jersey 07102
973-623-3000
bgreenberg@litedepalma.com

KANTROWITZ GOLDHAMER &
GRAIFMAN, P.C.
Gary S. Graifman (admitted *pro hac vice*)
Melissa R. Emert (admitted *pro hac vice*)
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: (845) 356-2570
Fax: (845) 356-4335
Email: ggraifman@kgglaw.com

LEVI & KORSINSKY, LLP
Courtney Maccarone (admitted *pro hac vice*)
Email: cmaccarone@zlk.com
Mark Reich (*pro hac vice forthcoming*)
Email: mreich@zlk.com
388 Market Street, Suite 1300

14

San Francisco, California 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294

*Counsel for Plaintiffs and the Class*

## **CERTIFICATION PURSUANT TO**

## **STANDING ORDER FOR OBJECTIONS FILED UNDER FED. R. CIV. P. 72**

I hereby certify that these Objections do not raise new legal or factual arguments.

The 16th day of August, 2021                     _____/s/ Russell D. Paul_____

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed with the Clerk of the Court using the ECF system, which will automatically send notification of such filing and serve counsel for the following parties:

The 16th day of August, 2021                        _____/s/ Russell D. Paul_____