IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CRYSTAL ROBINSON, *et. al.,* individually
and on behalf of all others similarly situated                                         PLAINTIFFS

v.                                      Case No. 1:20-cv-00663

GENERAL MOTORS, LLC                                                                    DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed July 19, 2021, by the Honorable Sherry R. Fallon, United States Magistrate Judge for the District of Delaware. (ECF No. 42). Judge Fallon recommended that Defendant's Motion to Dismiss (ECF No. 31) be granted in part and denied in part without prejudice.

Plaintiffs and Defendant have filed their objections and responses. (*See* ECF Nos. 49, 50, 51 and 52). This matter is now ready for consideration. *See* 28 U.S.C. § 636(b)(1). Upon *de novo* review, the Court finds that the report is without clear error and should be and hereby is adopted *in toto*.

However, the Court writes separately to address Plaintiffs' voluntary dismissal of Kendra Piazza and Lana Savage (ECF No. 48) and Plaintiffs' request for leave to file an amended complaint (ECF No. 49). First, the report was issued prior to the voluntary dismissal. Therefore, this order will reflect those changes. Second, Plaintiffs seek leave to file an amended complaint (ECF No. 49-1). Defendant argues that filing this amended complaint would be futile.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Under Fed. R. Civ. P. 15(a)(2), courts should freely give leave to amend when justice so requires. The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on

1

technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993).

Here, Plaintiffs' amended complaint fails to correctly address the findings of the report dismissing the claims that the express and implied warranty term limitations were unconscionable. However, the Court will allow Plaintiffs to amend the portions of the complaint covering the express warranty claims for Kladke (FL), Cox (TX), Gruchacz (NJ), and Palopoli (FL). The Court will also allow Plaintiffs to amend the portions of the complaint covering the implied warranty claims for Glenn (MD), Tubbs (MI), Howard (NY) and Gruchacz (NJ). As a result, CAC Count I will remain.

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss (ECF No. 31) is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**. Plaintiffs' request to file an amended complaint **is GRANTED IN PART AND DENIED IN PART**. Plaintiffs may file within thirty (30) days of this order. Failure to file a timely amended complaint will result in a dismissal of those claims.

The motion to dismiss (ECF No. 31) is granted in part and denied in part as follows:

(a) **Fraudulent Concealment**. GM's motion to dismiss CAC Count XXIX with respect to Robinson (AL), Schellhammer (AL), Bradley (IN), Toda (KS), Glenn (MD), Macaisa (NC), Cauthen (NC), and Conroe (WV) is **DENIED**. GM's motion to dismiss with respect to Palopoli (FL), Kladke (FL), Tubbs (MI), Blanchard (MI), Gruchacz (NJ), Tyson (NJ), Howard (NY), and Cox (TX) is **GRANTED**.

(b) **State Consumer Protection Claims**. GM's motion to dismiss CAC Counts II (AL), III (FL), VI (IN), X (MD), XV (NJ), XVI (NJ), XXVI (TX), and XXVII (WV) is **DENIED**. GM's motion to dismiss CAC Counts VIII (KS), XII (MI), XXII (NC), XIX (NY), and XX (NY) is **GRANTED**.

(c) **Unjust Enrichment**. GM's motion to dismiss CAC Count XXX on behalf of a putative nationwide class and with respect to Gruchacz and Tyson is **GRANTED**. GM's motion to dismiss the balance of CAC Count XXX is **DENIED**.

(d) **Breach of Express Warranty**.  GM's motion to dismiss CAC Count XIII (MI) is **GRANTED**.

(e) **Breach of Implied Warranty**.  GM's motion to dismiss CAC Counts V (FL), VII (IN), IX (KS), XXIII (NC), XXV (TX), and XXVIII (WV) is **GRANTED.**

If Plaintiffs fail to file an amended complaint, then the following claims are also dismissed:

(a) **Breach of Express Warranty**.  Plaintiffs may amend the factual allegations for CAC Counts IV (FL), XVIII (NJ), and XXIV (TX).  Otherwise, GM's motion to dismiss these counts will be is **GRANTED**.

(b) **Breach of Implied Warranty**.  Plaintiffs may amend CAC Counts XI (MD), XIV (MI), XVII (NJ), and XXI (NY).  Otherwise, GM's motion to dismiss these counts will be **GRANTED**.

(c) **MMWA**.  If Plaintiffs fail to file an amended complaint, then GM's motion to dismiss CAC Count I will be **GRANTED**.

**IT IS SO ORDERED** this 30th day of November 2021.

/s/ *Robert T. Dawson*
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**